RENDERED: JULY 2, 2026; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2025-CA-1277-MR

KEVIN GIBSON                                                    APPELLANT

v.           APPEAL FROM JEFFERSON CIRCUIT COURT
             HONORABLE TRACY E. DAVIS, JUDGE
             ACTION NO. 23-CI-007296

BROWN-FORMAN CORPORATION                                        APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: THOMPSON, CHIEF JUDGE; L. JONES AND TAYLOR, JUDGES.

THOMPSON, CHIEF JUDGE: Kevin Gibson (Appellant) appeals from an order of the Jefferson Circuit Court granting summary judgment in favor of Brown-Forman Corporation (Appellee). Appellant argues that the circuit court erred applying "up the ladder" tort immunity in favor of Appellee, and that summary judgment in favor of Appellant was warranted. After careful review, we find no error and affirm the order on appeal.

## FACTS AND PROCEDURAL HISTORY

On January 10, 2023, Appellant was employed by Koetter Building Services, LLC (Koetter) as a construction foreman and carpenter. Appellee entered into a contract with Koetter under which Koetter agreed to construct a specialized piece of equipment similar to a crane called an alternative lift barrel apparatus or "ricker" to move barrels in Appellee's warehouse.

For many years, Appellee used manual labor to move barrels of bourbon in its "rickhouse" or warehouse as part of the bourbon aging and production process. The record indicates that Appellee had an ongoing problem of losing barrels in remote locations of the rickhouse that were too difficult or dangerous for its workers to retrieve using its normal process of hoists and chains. Appellee engaged Koetter to develop and construct a safer and more efficient mechanism of moving barrels. In response, Koetter developed a ricker, consisting of a piece of machinery designed to replace the old system of using two manual laborers who would crawl into the barrel stack to use the hoist and chain technique.

As part of the ricker installation process, Appellant worked in warehouses K and L at Appellee's facility on Dixie Highway in Louisville, Kentucky. The warehouses are one structure which share an elevator. While engaged in the installation process, Appellant and another employee loaded aluminum plates into Appellee's freight elevator. The elevator had interior cage-

style doors which traveled with the elevator and exterior wooden doors which were affixed to each floor.

While in the stationary elevator, Appellant attempted to manually close the exterior doors. These doors are described in the record as moving up and down like a clamshell. There allegedly was no pull handle on the interior of the doors, so Appellant reached through the door opening and pulled a handle on the exterior door. As the exterior doors began to close, their mechanism caused their movement to accelerate. At about the same time, Appellant's body moved slightly forward. Appellant's hand was caught between the two doors as they closed, causing serious injury.

At the time of the injury, Koetter was covered by a workers' compensation policy issued by American Casualty Company of Reading, Pennsylvania. Appellant filed a claim under this policy, which was paid by American Casualty.

On November 28, 2023, Appellant filed this action against Appellee in Jefferson Circuit Court. He alleged that Appellee improperly failed to provide safe working conditions, adequate safety warnings, and proper training. He also asserted that Appellee's conduct was negligent or grossly negligent which proximately resulted in his injuries.

On June 30, 2025, Appellee filed a motion for summary judgment pursuant to Kentucky Rules of Civil Procedure (CR) 56. Citing *General Electric Co. v. Cain*, 236 S.W.3d 579 (Ky. 2007), it argued that it was entitled to "up the ladder" tort immunity for injuries sustained by Appellant because Appellant had availed himself of the exclusive remedy provision of the Workers' Compensation Act found in Kentucky Revised Statutes (KRS) 342.690(1). This immunity, it argued, arose because the work being performed by Appellant—an employee of a third-party contractor—was part of the regular or recurrent work of Appellee in manufacturing, distilling, aging, and bottling bourbon.

Appellant filed a responsive brief and Appellee a reply. On September 9, 2025, the circuit court heard oral arguments on the motion. On September 12, 2025, the court entered an opinion and order granting Appellee's motion for summary judgment. The court determined that the service provided by Koetter to Appellee, *i.e.*, the development and installation of a new mechanism for moving barrels, was a regular or recurrent rather than a novel or non-regular part of Appellee's business. Because the service was found to be a regular and recurrent part of Appellee's business, the court determined that Appellee was Appellant's statutory employer pursuant to KRS 342.610(2)(b) for purposes of KRS

342.690(1) immunity, and was therefore entitled to summary judgment. This appeal followed.[1]

## STANDARD OF REVIEW

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, stipulations, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." CR 56.03. "The record must be viewed in a light most favorable to the party opposing the motion for summary judgment and all doubts are to be resolved in his favor." *Steelvest, Inc. v. Scansteel Service Center, Inc.*, 807 S.W.2d 476, 480 (Ky. 1991). Summary judgment should be granted only if it appears impossible that the nonmoving party will be able to produce evidence at trial warranting a judgment in his favor. *Id*. "Even though a trial court may believe the party opposing the motion may not succeed at trial, it should not render a summary judgment if there is any issue of material fact." *Id.* Finally, "[t]he standard of review on appeal of a summary judgment is whether the trial court correctly found that there were no genuine issues as to any material fact and that the moving party was entitled to

---

[1] Appellant's first appeal, styled No. 2025-CA-1236-MR, was dismissed as interlocutory by order of this Court on October 10, 2025.

judgment as a matter of law." *Scifres v. Kraft*, 916 S.W.2d 779, 781 (Ky. App. 1996).

## ARGUMENTS AND ANALYSIS

Appellant argues that the Jefferson Circuit Court erred in granting Appellee's motion for summary judgment. The focus of his argument is his contention that the Jefferson Circuit Court improperly applied the doctrine of up the ladder immunity to bar his action against Appellee. Appellant asserts that up the ladder immunity is a narrow exception, in derogation of the common law, which must be strictly construed. He argues that he performed work for Koetter which was not a regular and recurrent part of Appellee's business. As such, he maintains that he could not properly be characterized as Appellee's employee for purposes of immunity under Kentucky's workers' compensation scheme.

As part of this argument, Appellant maintains that the circuit court erroneously extended the meaning of regular and recurrent work to include any work that may benefit the operations of a business. This, he argues, conflates the goal of barrel moving with the actual work of building new equipment. Appellant requests an opinion reversing the Jefferson Circuit Court's order of summary judgment and remanding the matter for a jury trial.

KRS 342.690(1) states that if an employer provides workers' compensation coverage as set out in KRS Chapter 342, "the liability of such

-6-

employer under this chapter shall be exclusive and in place of all other liability of such employer to the employee[.]" It goes on to provide that, "[f]or purposes of this section, the term 'employer' shall include a 'contractor' covered by subsection (2) of KRS 342.610, whether or not the subcontractor has in fact, secured the payment of compensation."[2] In determining whether a contractor is characterized as an employer for purposes of benefitting from the exclusive liability language of KRS 342.690, one looks to whether the contractor has subcontracted out regular or recurrent work of their business. *Miller v. Kentucky Power Company*, 683 S.W.3d 669, 673-74 (Ky. App. 2023); *Cain*, 236 S.W.3d at 586-87. In common law vernacular, when a contractor has subcontracted out regular or recurrent work of its business, it is said to be "up the ladder" from the employer of an injured worker, and therefore entitled to the exclusive remedy provision of KRS 342.690(1). *Cain*, 236 S.W.3d at 585.

In *Cain*, the Kentucky Supreme Court stated the analysis in this way:

> If premises owners are "contractors" as defined in KRS 342.610(2)(b), they are deemed to be the statutory, or "up-the-ladder," employers of individuals who are injured while working on their premises and are liable for workers' compensation benefits unless the individuals' immediate employers of the workers have provided workers' compensation coverage. If deemed to be

---

[2] "A person who contracts with another . . . [t]o have work performed of a kind which is a regular or recurrent part of the work of the trade, business, occupation, or profession of such person shall for the purposes of this section be deemed a contractor, and such other person a subcontractor." KRS 342.610(2)(b).

"contractors," the owners, like any other employers, are immune from tort liability [exclusive remedy immunity] with respect to work-related injuries whether or not the immediate employer actually provided workers' compensation coverage. *See* Thomas M. Cooper, *The "Comp" Factor in Tort Cases*, 51 Ky. Bench & Bar, No. 1, Winter 1987, at 14, 37. Thus, whether an owner is entitled to "exclusive remedy" immunity depends upon whether the worker was injured while performing work that was "of a kind which is a regular or recurrent part of the work of the trade, business, occupation, or profession" of the owner. If so, the owner is immune; if not, the owner is subject to tort liability.

*Id.* at 585.

Based on *Cain* and the relevant statutory law, the Jefferson Circuit Court characterized the salient question before it as whether the record demonstrated that Appellee contracted out regular or recurrent work of its business, thus entitling it to the exclusive remedy provision of KRS 342.690(1). That is to say, the court considered whether Koetter's design and construction of a ricker or crane was properly characterized as part of Appellee's regular or recurrent work. If this question were answered in the affirmative, then Appellee would be "up the ladder" from Koetter and entitled to the exclusive remedy provision of KRS 342.690(1). If Koetter's project was found not to be part of Appellee's regular or recurrent work, then Appellee would not be characterized as a contractor and not entitled to the exclusive remedy provision.

In examining this question, the circuit court noted that on one hand, Appellant maintained that the ricker was a unique, one-of-a-kind, brand new and never used before piece of equipment, and was never developed past the prototype phase. This, according to Appellant, rendered the ricker well outside Appellee's regular or recurrent work because Appellee had never engaged in the design or development of such a mechanism.

On the other hand, Appellee argued that the essential determining factor is the work's fundamental purpose and character, rather than the specific project itself. It noted that it has, for many decades, engaged in lifting, moving, and stacking barrels, as well as retrieving fallen barrels. This, it maintained, was an essential requirement of its business operations tracing back to the time the warehouses were constructed. The ricker, it argued, was therefore fundamental to the purpose and character of its operations, and was clearly part of its regular and recurrent work.

The Jefferson Circuit Court found that each argument, taken to its extreme, resulted in a logical fallacy. It reasoned that a myopic focus on the work being performed, in this instance the replacement of aluminum plates, would almost never be part of any business's regular or recurrent work. Conversely, almost all businesses who hire independent contractors to perform work on their property would argue that the purpose of the work being performed was necessary

to their regular or recurrent work. Thus, Appellant's argument taken to the extreme would never result in a premises owner being characterized as a contractor for purposes of KRS Chapter 342, while Appellee's argument would result in all premises owners achieving that status.

To resolve this tension, the Jefferson Circuit Court turned to Appellant's own counterstatement of the facts set out in its response to Appellee's motion for summary judgment. As noted by the circuit court, Appellant, through counsel, stated that

> Brown-Forman's own employees continued the regular and recurrent work of moving barrels around as part of the bourbon aging process[.] . . . In 2022, Koetter's job shifts from retrieving fallen barrels to devising a new system for moving barrels in the warehouse. The process of retrieving and moving barrels had become too dangerous and Koetter was asked to devise a better method for moving barrels.[3]

The court then found substantial evidence that Appellee contracted with Koetter to provide services which were part of the regular or recurrent business of Appellee's business. This evidence consisted of 1) common knowledge that storing, moving, and retrieving barrels of bourbon in a rickhouse is a customary, usual, and normal part of the bourbon making process in which Brown-Forman is engaged; 2) the affidavit of Appellee's Health and Safety

---

[3] Plaintiff's Response in Opposition to Defendant's Motion for Summary Judgment at pp. 2-3.

Manager, James Payne, which demonstrated that both Appellee's employees and third-parties engaged in these regular and recurrent activities; and, 3) the acknowledgement of Appellant's counsel in the pleading that moving barrels was part of Appellee's regular and recurrent work.

As this matter is before us on appeal from an order granting summary judgment, the question for our consideration is whether the Jefferson Circuit Court correctly found that there were no genuine issues as to any material fact and that Appellee was entitled to judgment as a matter of law. *Scifres*, 916 S.W.2d at 781. To answer this question, and to reiterate, we must determine whether the circuit court properly concluded that the services provided by Koetter to Appellee were "a regular or recurrent part of [Appellee's] work of the trade, business, occupation, or profession[.]" KRS 342.610(2)(b). If so, then Appellee is properly characterized as an up the ladder contractor for purposes of the exclusive remedy provision of KRS 342.690(1).

We must answer this question in the affirmative, and cannot improve upon the well-reasoned analysis of the Jefferson Circuit Court. The record amply demonstrates that a core element of Appellee's business included aging bourbon in barrels, which required Appellee to move, stack, store, and retrieve those barrels. This necessary element of Appellee's business model preceded Koetter's involvement by many decades. During this time, Appellee used manual labor to

retrieve displaced or fallen barrels, which included sending workers with chains and pulleys into the stack to undertake what could be grueling and dangerous work.

While Koetter was engaged to design and construct a new ricker or crane to make the barrel retrieval and moving process safer and more efficient, we conclude that the core purpose of the ricker—barrel retrieval and moving—was a regular and recurrent part of Appellee's trade, business, occupation, or profession. KRS 342.610(2)(b). Appellant acknowledges as much in his response to Appellee's motion for summary judgment, stating that Appellee's "own employees continued the regular and recurrent work of moving barrels around as part of the bourbon aging process[.] . . . The process of retrieving and moving barrels had become too dangerous and Koetter was asked to devise a better method for moving barrels."

In addition, the Jefferson Circuit Court took judicial notice of the fact that Appellee stores and moves bourbon barrels as a core element of its operations. It found that, "[i]t is axiomatic and common knowledge to anyone who has taken a distillery tour that storing, moving, and retrieving barrels of bourbon in a rickhouse is a customary, usual, and normal part of the bourbon making process in which Brown-Forman is engaged." Judicial notice "is a rule of convenience that allows a court to use commonly-known assumptions of fact as evidence." *Marchese v.*

-12-

*Aebersold*, 530 S.W.3d 441, 447 (Ky. 2017).  We believe that the circuit court properly took judicial notice of facts which are commonly known to the general public.  Judicial notice aside, however, the record abundantly demonstrates that moving barrels is the regular and recurrent part of the bourbon making process in which Appellee is engaged.[4, 5]

### CONCLUSION

The Jefferson Circuit Court correctly found that there were no genuine issues as to any material fact, and that Appellee was entitled to judgment as a matter of law.  *Scifres*, 916 S.W.2d at 781.  Accordingly, we find no error and affirm the order of the Jefferson Circuit Court granting summary judgment in favor of Appellee.


ALL CONCUR.

---

[4] Appellant argues that the introduction of James Payne's affidavit was self-serving and untimely.  Our conclusion is not based on Payne's affidavit.

[5] Our decision somewhat parallels that of the Kentucky Supreme Court in *Minova USA, Inc. v. Jolly*, No. 2024-SC-0169-DG, 2026 WL 491752 (Ky. Feb. 19, 2026), *reh'g denied* (Jun. 25, 2026).  In *Minova*, the high court determined that a manufacturer was a contractor entitled to up the ladder immunity after a delivery driver for a transportation company was injured by an unsecured 700-pound metal cart.

BRIEFS FOR APPELLANT:

Kirk A. Laughlin
Hans G. Poppe
Louisville, Kentucky

BRIEF FOR APPELLEE:

Rebecca F. Schupbach
Brenden E. Ponder
Louisville, Kentucky